```
                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE SOUTHERN DISTRICT OF OHIO
                            EASTERN DIVISION
```

Kevin Barnes, individually          :
and as the parent and guardian
of "Jane Doe", et al.,              :

      Plaintiffs,                  :

  v.                                :   Case No. 2:06-cv-0532

Board of Education, et al.,         :   JUDGE WATSON

      Defendants.                  :

<u>ORDER</u>

This case involves an incident which occurred at Mifflin High School, a school operated by the Columbus Board of Education. It is currently before the Court to consider a motion filed by plaintiffs to inspect the school and, in particular, the area in the school where the incident allegedly occurred. After considering the supporting, responsive, and reply memoranda, the Court will order that an inspection occur substantially as contemplated by plaintiffs' reply memorandum.

The issue between the parties is not whether a site inspection is permitted under Fed. R. Civ. P. 34. Rather, some time after making the initial request for an inspection, plaintiffs specified that the inspection should occur while students are in the building. According to plaintiffs, their expert needs to see the actual conditions under which the incident occurred in order to render an appropriate opinion concerning the defendants' liability. Defendants assert that any such inspection would be disruptive of classes and could involve the photographing of students, a matter which intrudes into their privacy and may well be prohibited by law. Despite efforts to

communicate concerning this subject, it does not appear that the parties have been able to reach an agreement which would allow the plaintiffs to conduct an appropriate inspection while, at the same time, addressing defendants' concerns about not disrupting the school day and not interfering with the privacy of students.

The plaintiffs wish to take photographs and videotapes and make measurements of the building. They agree in their reply memorandum that all of these activities can occur after school hours and without students present. However, they continue to assert that their expert needs to view the condition of the school with students present. They proposed that, at least initially, they have the expert in the building during school hours but that they defer any photographs, measurements, or other such matters until after school has recessed for the day. If the expert then concludes that some type of photographing or videotaping may be necessary with students present, they would reserve the right to request a second inspection and would attempt to work out some type of redaction which would preserve the students' privacy interests.

As long as school is not disrupted and students' privacy interests are not implicated, the Court sees no reason why plaintiffs' representatives should not be able to be present in the school building during school hours. That inspection may well yield information concerning the volume of students, traffic patterns, and other such matters which will have some impact on the expert's opinion. The defendants do not appear to oppose an after-hours inspection which would involve videotaping, measuring, and photographing the premises. The Court agrees that plaintiffs may reserve for a later time any request for additional inspections.

Consequently, plaintiffs' motion to compel site inspection (#17) is granted. The parties shall promptly agree upon a date

for the inspection. Any site inspection which occurs during the school day shall not involve any photography, videography, or measuring. Plaintiff shall provide in writing a list of the names of the persons who will be attending the inspection, including a time estimate as to the length of the inspection. Defendants may accompany any plaintiffs' representatives during the inspection. Any data recorded during the inspection by way of photographs, videotapes, sketches, measurements, or other such depictions will be provided to defendants. No ruling is made concerning whether an additional inspection may be necessary.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge