```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

Kevin Barnes, et al.,            :

      Plaintiffs,              :

  v.                             :     Case No. 2:06-cv-0532

Board of Education, et al.,      :     JUDGE WATSON

      Defendants.              :

## ORDER

    This is an action arising out of an incident which occurred at Mifflin High School on March 9, 2005. Plaintiff Jane Doe's deposition was taken on May 4, 2006. Because the March 9, 2005 incident involved a sexual assault, defendants attempted to question her about sexual activity which might have occurred on other dates. She was instructed by her counsel not to answer those questions. Defendants have now moved for an order which would compel her to testify about other sexual activity. For the following reasons, the motion will be granted.

### I.

    As noted, this case involves an incident of sexual activity which occurred during the school day at Mifflin High School. Plaintiff Jane Doe was one of the participants in that event. There is some dispute about whether her participation was voluntary. Plaintiffs claim that school officials did not take adequate precautions to insure that such events did not occur, and that their subsequent investigation of the incident was inadequate as well.

    One of the allegations in the complaint is that Ms. Doe was incapable of giving her consent to sexual activity because of her mental condition. She therefore claims that the event which occurred was not consensual. Defendants assert that discovery about other instances of sexual conduct is relevant to the issue

of whether she was mentally able to consent to such activity. Plaintiffs respond that such evidence is inadmissible under Fed.R.Evid. 412.

There are two separate questions presented by the motion to compel. First, do the Federal Rules of Civil Procedure permit counsel to direct a witness not to answer questions based on Rule 412? Second, is the information sought by defendants discoverable even if Rule 412 presents issues about its admissibility at trial? The Court addresses each of these issues in turn.

## II.

Fed.R.Evid. 412(a) generally prohibits the admission "in any civil or criminal proceeding involving alleged sexual misconduct" of certain evidence relating to sexual conduct by the alleged victim. In particular, it prohibits the introduction of evidence "that any alleged victim engaged in other sexual behavior" as well as evidence that is "offered to prove any alleged victim's sexual predisposition." Various exceptions are set forth in subsection (b). Subsection (b)(2), which applies to civil cases, provides that such evidence may be admitted if it is otherwise admissible under the Rules of Evidence "and its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." Finally, subsection (c) sets forth the procedures to be used if a party wishes to offer evidence of the type described in subsection (a). Rule 412 is located in the section of the Federal Rules of Evidence entitled "Relevancy and Its Limits."

Fed.R.Civ.P. 30(d) establishes certain procedures to be followed at a deposition when an issue exists about whether a particular question or line of inquiry is proper. The general rule for taking deposition testimony, set forth in Rule 30(c), is that if objections are made, they "shall be noted...upon the

record of the deposition; but the examination shall proceed, with the testimony being taken subject to the objections." However, Rule 30(d) permits an attorney to instruct a witness not to answer a question at a deposition "when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)." Rule 30(d)(4) allows a party to terminate a deposition for purposes of presenting a motion to the court based on the party's belief that the deposition is being conducted in bad faith.

Clearly, under this rule, it is improper to instruct a witness not to answer a question simply because the information called for may be irrelevant. There are a variety of reasons why information may be either irrelevant or of questionable admissibility in light of certain policy concerns. Many of the rules contained in Part IV of the Federal Rules of Evidence either prohibit the introduction of otherwise probative evidence because its value is outweighed by some public policy (such as Rule 407's prohibition against the introduction of evidence of subsequent remedied measures) or require the court to balance the probative value of the evidence against its possible prejudicial effect. See Fed.R.Evid. 403. Significantly, Rule 30(d) does not provide that any of these relevance rules may form the basis for an instruction not to answer a deposition question. It makes no exception for Rule 412. Consequently, the Court concludes that the instructions not to answer which were given in this case were not consistent with the Federal Rules of Civil Procedure.

### III.

Notwithstanding the Court's conclusion that the challenged instructions not to answer were improper, the Court will also address the question of whether Rule 412 operates to prevent discovery on this issue. Rule 412, while not a discovery rule, is properly considered in the context of a motion for a

3

protective order filed during discovery. See Stalnaker v. Kmart Corp., 1996 WL 397563 (D. Kan. July 11, 1996). However, as that case points out, the Advisory Committee notes to Rule 412 indicate that "discovery of a victim's past sexual conduct...will...continue to be governed by Fed.R.Civ.P. 26." Nevertheless, in order to give Rule 412 some meaning in the context of discovery, "[c]ourts should presumptively issue protective orders barring discovery unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case, and cannot be obtained except through discovery." Stalkner at *3.

Plaintiffs argue that the relevancy argument advanced by defendants must be evaluated in light of Fed.R.Evid. 412(b), which allows evidence of sexual activity to be introduced at trial only if its probative value substantially outweighs its prejudicial effect. They contend that the evidence defendants seek to discover, while it might have some relevance to the issue of whether the event in question was consensual, does not bear on the question of whether the defendants breached their duty to prevent sexual activity from occurring within the school. It would also have no bearing on whether the defendants undertook a timely investigation of this event or timely informed Ms. Doe's parents of the occurrence. Finally, they assert that to the extent the evidence may be probative on some issue, the prejudicial impact of forcing Ms. Doe to testify about other sexual activity outweighs the probative value of the evidence.

Notwithstanding these arguments, the Court agrees with the defendants that the discovery they wish to pursue meets the standard for discoverability. While there are certainly issues concerning defendants' policies or responses to this incident which are unrelated to Ms. Does' prior sexual activity, that

4

evidence does relate to other issues in the case, including the specific allegation in the complaint that she was incapable of consenting to the act in question, and including her claim for damages. Absent Rule 412, this information would clearly be a proper subject for discovery.

In the Court's view, Rule 412 does not change that result in this case. First, the Court notes that Rule 412 is a relevance rule that pertains specifically to the admission of evidence at trial. Under the rules pertaining to the conduct of depositions, as outlined above, a party is ordinarily not permitted to instruct a witness not to answer questions based on a relevance objection. Second, in this particular case, it appears that this same information has been shared by Ms. Doe and her parents with other parties. To the extent that the embarrassment caused by testifying at a deposition about sexual activity is the type of prejudice which Rule 412 requires the Court to take into account (and that is not at all clear), the prior voluntary disclosure of such information substantially lessens that prejudice. That is especially true here where there is a protective order already in place, and where the participants in or attendees at the deposition can be limited. Finally, the Court finds it persuasive that unless the defendants are allowed to conduct discovery on this issue, the trial judge will never be in a position to conduct the weighing that Rule 412 contemplates, because the defendants will be unable to describe to the trial judge the nature of the evidence they would seek to introduce. Thus, the defendants have made the necessary showing of relevance and need for the information that decisions like <u>Stalkner</u> require.

In making this ruling, the Court is not insensitive to the fact that Ms. Doe and her family will be subject to some embarrassment if Ms. Doe is required to answer these questions

even in a deposition setting.  To some extent, however, that is a consequence of litigating a case in which sexual activity is an issue.  Further, the rules under which the Court operates contemplate that all parties to litigation - including the plaintiffs - have a broad opportunity to discover all of the facts that are pertinent to their claims and defenses so that they will have a fair opportunity to prosecute and defend their claims, including the opportunity to argue for the admission of evidence under Rule 412.  The Court is confident that this inquiry can and will be handled in a professional manner and with due regard to the sensitive nature of the information.

                                IV.
   For all these reasons, the motion to compel (#14) is granted.  The deposition shall be reconvened, at a time and place to be agreed upon by counsel, within 30 days of the date of this order.

   Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

   This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


                                   /s/ Terence P. Kemp

                              United States Magistrate Judge